CLIFFORD CAWTHORN, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30954.)

Court of Claims, January 18, 1954.

*Nathaniel L. Goldstein, Attorney-General* (*Lawrence H. Wagner* of counsel), for defendant.

No appearance for claimant on this motion.

RYAN, J.   This claim was filed on September 6, 1951, to recover damages for personal injuries allegedly sustained as a result of lack of proper medical care while claimant was an inmate of Attica State Prison. The claim states a cause of action. The filing was timely. (*Cawthorne* v. *State of New York,* 199 Misc. 1078.)   The Attorney-General has moved to dismiss the claim pursuant to section 15 of the Court of Claims Act. The claimant died March 5, 1952, as appears by the affidavit of the assistant

attorney-general and by a certified copy of the certificate of death attached thereto. This affidavit, with the notice of motion was served by mail upon the attorney of record of the claimant and upon no one else.

We regard such notice and such service as insufficient. The relation of attorney and client ceased upon the death of the claimant. The claimant's cause of action survived. (Decedent Estate Law, § 119.) The Attorney-General asks for a dismissal of the claim because more than six months have passed since claimant's death and no order of substitution has been secured from this court and served upon the Attorney-General as provided in section 15 of the Court of Claims Act. He has apparently overlooked the further provision of the statute which directs that the court may dismiss only where motion has been made on such notice to the assignee or successor of the claimant as the court may require. (See, also, Civ. Prac. Act, § 84.) This court has not been asked for its direction as to what persons should be given notice. The death certificate discloses the names of a divorced wife of claimant, of his father and mother and the name and address of an informant. For all that appears, all of these persons are living. One or more of them may be entitled to be appointed administrator of claimant's estate. (Surrogate's Ct. Act, § 118.) If not, there is the public administrator. (Surrogate's Ct. Act, § 118.) There also may be creditors entitled to letters of administration. (Surrogate's Ct. Act, § 119.) There is nothing to prevent the Attorney-General from moving for the appointment of a proper and qualified person to be appointed administrator by a court of competent jurisdiction. Finally, there is available to this defendant the proceeding for abatement of the action. (Civ. Prac. Act, § 88.) Until proper steps are taken the claim is alive and must remain on the calendar to be prosecuted and defended in due course. The motion is denied.